IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE M. DIMAS,

    Plaintiff,

vs.                                                  Civ. No. 99-664 JP/DJS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**

    Defendant.

## **MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[1]

1. Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing. The Court will review the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. Williams

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections with the clerk of the district court to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

v. Bowen, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2.	Plaintiff filed for Disability Insurance Benefits on March 16, 1994, alleging that he had been disabled since December 31, 1993 due to depression, alcoholism, arthritis, paralyzed vocal cord, hearing problems, and dermatitis. Tr. 60-63, 106. On March 10, 1995, the ALJ found that Plaintiff had severe alcohol dependence, post traumatic stress disorder with major depression, and chronic neurodermatitis. He concluded that the impairments resulted in marked and moderate limitations and precluded work activity. The ALJ found that Plaintiff was disabled within the meaning of the Act. The ALJ further found that Plaintiff's alcoholism was a contributing factor material to a finding of disability and that Plaintiff would not be disabled but for his alcoholism. Tr. 178-179.

3.	On March 29, 1996, amendments to the Act ended drug addiction and alcoholism as a basis for disability. Section 105 of Public Law No. 104-121 (the Amendments), entitled "Denial of Disability Benefits to Drug Addicts and Alcoholics," provides that:

> An individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addition would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

P.L. No. 104-121 Sec. 105(a)(1) (amending Title II of the Act). See P.L. No. 104-121 Sec. 105(b)(1) (containing identical language

amending Title XVI of the Social Security Act). The key factor to determine whether the alcohol abuse is a contributing factor material to a finding of disability is whether the claimant would be disabled if he stopped using drugs or alcohol. 20 C.F.R. Sec. 404.1535(b)(1)(1998). If the claimant's remaining impairments would not be disabling, the claimant's drug or alcohol addiction is a contributing factor material to a finding of disability. 20 C.F.R. Sec. 404.1535(b)(2)(I)(1998).

4. Plaintiff was notified that he was no longer entitled to benefits based upon his alcoholism. Plaintiff appealed the finding and a hearing was held before an administrative law judge (ALJ) on August 5, 1997. On October 27, 1997, the ALJ found the Plaintiff would not be disabled without consideration of his alcoholism. Tr. 16. Plaintiff requested a review by the Appeals Council on November 4, 1997. The Appeals Council denied Plaintiff's request for review on April 29, 1999. The decision of the ALJ is the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

5. Plaintiff was born on December 4, 1950. Tr. 28. He has the equivalency of a high school education and some training at a police academy. Tr. 29. His past relevant work was with the post office as a mail handler. Tr. 30-31.

**Issues**

6. Plaintiff alleges that the ALJ erred in that the agency

decision is not based upon substantial evidence because the ALJ did not consider all of Plaintiff's impairments, did not consider Plaintiff's impairments in combination and did not determine that Plaintiff could hold a job for a significant length of time.

**The Standard of Review**

7. The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence. Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Id. It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld. However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied. Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

8. The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes him from returning to his past work. Once that showing is made, the burden shifts to the Commissioner to show: (1) that the Plaintiff, considering his age,

education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612 F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

9. To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §404.1520. At the first three levels of the sequential evaluation process, the claimant must show: (1) that he is not engaged in substantial gainful employment; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant cannot show that he has met or equaled a listing, he must show at step four that he is unable to perform work he had done in the past. At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering his age, education, and prior work experience. If a determination of disabled is found at any step, further inquiry is not required. 20 C.F.R. §404.1520.

10. Upon reaching the fifth step of the sequential evaluation

process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies. 20 C.F.R. §404.1566(d). This aids the Commissioner in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. §404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

11. Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert

testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

12. As grounds for review by the Appeals Council the Plaintiff stated that the ALJ's decision should be reversed for the following reasons:

   a. Plaintiff suffers from a severe mental impairment.

   b. Plaintiff has post-traumatic stress disorder and dermatitis.

   c. The Veteran's Administration has given Plaintiff a 50% disability for his dermatitis.

   d. Plaintiff suffers from severe nervousness and anxiety which is worse around people.

   e. No one will hire Plaintiff because of his skin problem and he cannot get along with people.

   f. Plaintiff was fired from his job at the post office because he was having fist fights with other employees

   g. Plaintiff's own treating physician indicated that Plaintiff is disabled and unable to do any work.

   h. The OHA Psychiatric Review Technique Form is incorrect.

All other arguments asserted by the Plaintiff in his Motion to Remand are waived. James v. Chater, 96 F.3d 1341, 1344 (10th Cir. 1996)("[I]ssues not brought to the attention of the Appeals Council on administrative review may, given sufficient notice to the claimant, be deemed waived on subsequent judicial review." James was filed September 19, 1996. Plaintiff's letter to the Appeals Council is dated November 4, 1997. Plaintiff had sufficient notice.

    13. There is no question that the Plaintiff suffers a medically determinable impairment associated with alcoholism. The ALJ's decision discusses this issue at length. Substantial evidence supports her decision that Plaintiff's mental and psychological problems are secondary to his alcoholism.[2] In a psychological consult on February of 1993, it was noted that Plaintiff had a long history of psychological treatment and long history of severe alcohol abuse. In July of 1997 Plaintiff's physician recommended alcohol treatment and anti-depressants to treat his depression. Tr. 282. Plaintiff had made several suicide attempts. On one day of one such attempt the records indicate he abused alcohol all day. Tr. 307. It was noted in another suicide attempt in 1981 that Plaintiff's depression was alcohol related and that several "suicide attempts in past usually ETOH related." Tr.

---

[2] The ALJ did not consider Plaintiff's obsessive compulsive disorder. The substantial evidence does not support a finding that it is caused by his alcoholism. This psychological disorder is discussed later in this analysis.

8

475. The physician questioned whether Plaintiff's suicide attempts are real or alcohol "talking." Tr. 483. In 1981 the medical records show that Plaintiff's gets depressed when drinking. Tr. 507. In August of 1997 the records state that "[t]he patient admitted to different currents of depressed moods and suicidality related to alcohol ingestion." Tr. 656. In 1997 Plaintiff was diagnosed with "alcohol dependence/alcohol-induced mood disorder." Tr. 655.

    14. The record is replete with references to the fact that Plaintiff has over an extended period of time drank a case a beer a day. Tr. 152, 166, 243, 341, and 652. It is also clear from the record and it was noted by the ALJ that when the Plaintiff detoxified his psychological and mental status improved. Tr. 13. When the Plaintiff was sober he was not suicidal. Tr. 274. Further when Plaintiff was sober he was no longer agitated and was less anxious. Tr. 274, 350.

    15. The real issue is whether Plaintiff's neurodermatitis is disabling. This is a long standing medical issue for the Plaintiff. The first medical notation of his dermatitis is in 1973. Tr. 467. Twenty years later, in 1994 there is a notation that Plaintiff states that he has had the rash for twenty years. The ALJ addresses this issue by excluding from Plaintiff's work activities any direct exposure to skin irritants. Tr. 17. The ALJ appears to assume that if the Plaintiff is not exposed to skin irritants his dermatitis is not an issue. This is wrong. It is

9

clear from the records that Plaintiff has severe neurodermatitis all the time.  It is confirmed by biopsy that Plaintiff has neurodermatitis on his face, chest and extremities. Tr. 652.  His face has areas of depigmentation and has numerous scabs and excoriations on his body.  Id.  For years the Plaintiff has had to scratch the rash to try to obtain some relief.  Tr. 143, 153.  There is no indication in the record that the rash is caused by exposure to skin irritants.  Rather, it appears it is caused by exposure to Agent Orange.  Id.

16.   Plaintiff has a 50% service-connected disability rating from the Veterans' Administration due to skin problems and has been disabled for ten years.  Tr. 640.  Though this is not binding on the Commissioner, it is evidence and needs to be considered by the ALJ.  20 C.F.R. Sec. 404. 1504.  Failure to do so requires a remand.  Baca v. Department of Health and Human Services, 5 F.3d 476, 480 (10th Cir. 1993).

17.   Plaintiff argues that this condition has worsened to a obsessive compulsive disorder.  The records indicate that Plaintiff received treatment for this disorder.  Tr.  638 and 642.  This evidence was not considered by the ALJ.

18.  On remand the ALJ should also prepare an OHA Psychiatric Review Technique Form, consider the evidence of Plaintiff's treating physicians and analyze Plaintiff's impairments in combination.

**Recommended Disposition**

For these reasons, I recommend that Plaintiff's Motion to Remand be granted for proceedings consistent with this analysis.

_____
**Don J. Svet
United States Magistrate Judge**